## Gill v. Devlin (No. 2)

*Alexander A. DiSanti,* for plaintiffs.
*Alvin S. Ackerman,* for defendants.

REED, JR., *J.*, July 21, 1981—This matter came before this court on plaintiff's petition to permanently enjoin the township of Upper Darby through its appropriate officers, defendants, from noncompliance with the Civil Service Requirements of The First Class Township Code of June 24, 1931, P.L. 1206, as amended, 53 P.S. §55625 et seq. (hereinafter the Code), with respect to promotions/appointments within the Police Department.

Plaintiffs are township police officers. Defendants are the township superintendant of police, the mayor, the treasurer and four police officers who were promoted on August 1, 1976 and February 6, 1980 by the township without following the procedures set out in the civil service requirements of the Code, 53 P.S. §55625 et seq.

We entered an Order and Decree Nisi on January 16, 1981 declaring that the promotions of defendant police officers were in violation of the civil service requirements of the Code: 53 P.S. §55635, 55638, 55641, 55642. The positions to which they had been promoted were declared vacant, and the officers returned to their former positions in the police force. We further ordered that the township comply with the civil service requirements of the Code concerning all appointments and promotions.

I.

Defendants have filed two exceptions to that order and decree nisi. The first alleges that the court erred when it enjoined defendant township and its officials from making any appointments or

promotions in the police force in the future without following the civil service requirements of the Code. Defendants argue that the court lacked subject matter jurisdiction to enjoin defendant township officials respecting *future* appointments since plaintiffs neither pleaded or proved any facts regarding future appointments.

Defendants' argument fails to properly perceive the court's equity power. Equity may intervene to forbid the actions of public officials which are based upon a misconception of law. See, Downing v. Erie City School District, 360 Pa. 29, 61 A. 2d 133 (1948).

In making these promotions of police officers defendant township officials have improperly assumed that the adoption of their Home Rule Charter abrogates the applicability of the Civil Service Code. We however, found that the Township of Upper Darby remained obligated to comply with the civil service requirements of the Code both by the mandate of the Pa. Const., Art. 9, §2, and the enabling legislation, 53 P.S. §1-302(b)(v).

This being a declaration of the law, we have the power to enjoin noncompliance with it without regard for when the acts of noncompliance take place.

Moreover, since plaintiff's request for relief included a prayer for general relief defendant was thereby alerted to the fact that the court would shape its decree as would be appropriate to the case, although it might not strictly follow that specifically requested. See Ratkovich v. Randell Homes, Inc., 403 Pa. 63, 169 A. 2d 65 (1961).

## II.

The second exception disputes our finding that under the Home Rule Charter and Optional Plans

Act of April 13, 1972, P.L. 184, 53 P.S. § 1-101 et seq., the civil service requirements of The First Class Township Code still govern the procedures and forms by which promotions and appointments will be made in the police force.

Defendant did not orally argue this exception. However, since both parties have addressed it in their briefs, we will dispose of it.

For this argument defendant takes the position that these appointments or promotions are not under the Home Rule Charter Act, but rather are controlled by and under the provisions of the Optional Plan Municipality Code, 53 P.S. § 1-401 et seq. We cannot agree.

The Township of Upper Darby never chose to become an Optional Plan Municipality. On the contrary, they adopted a Home Rule Charter and as such are governed by the provisions of the Home Rule Charter Act, 53 P.S. § 1-101 thru 1-307. The Optional Plan Municipality Code is neither applicable nor relevent.

However, even assuming arguendo, that the Optional Plan Municipality Code does apply, Upper Darby Township would still be bound by the civil service requirements of The First Class Township Code as respects the Police Department.

Section 1-1222 of the Optional Plan Code provides: "Appointment and promotions of *subordinate officers and employees within departments shall be made by the department head on the basis of a personnel system* which shall include written procedures for appointment and promotion based on merit and fitness as demonstrated by examination or other evidence of position competence . . ." (Emphasis supplied.)

Defendants' argument reasoned from this provision goes like this, the legislature would not have given Optional Plan Municipalities more authority

than Home Rule Charter Municipalities, hence this provision allows Home Rule Charter Municipalities to appoint or promote in the Police Force without regard to the Civil Service Code. This is not so at all, for it ignores section 1-401 of the Optional Plan Code.

Exactly the same as a Home Rule Charter Municipality an Optional Plan Municipality *cannot enact legislation contrary to general law.* The Optional Plan Code 53 P.S. § 1-401, provides: "Upon the adoption by the qualified voters of any Municipality of any of the optional plans of government as set forth in this act, the *municipality shall thereafter be governed by the plan adopted, and by the provisions of the general law applicable to that class or classes of municipality except as otherwise provided herein. . . .*" (Emphasis supplied.)

Section 1-1222 of the Optional Plan Code is not an exception to the applicability of the general law, which for these purposes is the Civil Service Code. The Civil Service provisions of The First Class Township Code establish overall procedures for the hiring, promoting, suspending and removing of both police and fireman in first class townships.

Section 1-1222 of the Optional Plan Code therefore speaks only to procedures for the appointment or promotion of other officers and employes of the township, not the police or fireman for whom the legislature has for so long and ably provided.

Upper Darby Township is forbidden as we previously concluded from enacting "any provision inconsistent with any statute heretofore enacted by the General Assembly affecting the rights, benefits or working conditions of an employe of a political subdivision of the Commonwealth." 53 P.S. § 1-302(b)(v).

Upper Darby Township must adhere to the civil

service requirements of The First Class Township Code for they affect the rights, benefits and working conditions of the police.

Defendants' exceptions to this court's order and decree nisi dated January 16, 1981 are hereby denied. Our opinion of January 16, 1981 is hereby affirmed and adopted in toto as part of this opinion.

## FINAL ORDER

And now, July 21, 1981 it is ordered and decreed that this court's order and decree nisi entered January 16, 1981 be and the same is hereby adopted as the final order of the court and defendants' exceptions thereto are hereby denied.